Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence or rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. At all times relevant to this claim, the parties were subject to and bound by the North Carolina Workers' Compensation Act.
2. At all times relevant to this claim, an employer-employee relationship existed between plaintiff and defendant-employer.
3. At all times relevant to this claim, the carrier on the risk was Liberty Mutual Insurance Company.
4. On 28 January 1992 plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
5. Plaintiff's average weekly wage was $278.40.
6. Industrial Commission Form 21 dated 18 May 1992 and Form 24 dated 28 January 1993 were stipulated into evidence.
7. Plaintiff has been paid compensation by the defendants to 28 January 1993 and is seeking no payment of compensation prior to that date.
8. The only issue to be determined in this case is:
 to what further compensation and medical expense, if any, is the plaintiff entitled under the Act.
* * * * * * * * * * * * * * * *
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows
FINDINGS OF FACT
1. On 28 January 1992 plaintiff sustained an injury by accident to his low back arising out of and in the course of his employment with defendant-employer when, in the operation of a shaper machine, a piece of wood he was using in the machine was jerked by the machine causing him to twist his back and experience the immediate onset of pain.
2. As a result of the incident of 28 January 1992 the parties entered into a Form 21 Agreement for Payment of Compensation dated 18 May 1992, whereby the plaintiff was paid temporary total disability compensation benefits at the rate of $185.60 per week until 28 January 1993. On this date defendants obtained approval from the Industrial Commission of a Form 24 Application of Employer or Insurance Carrier to Stop Payment of Compensation. Thereafter, plaintiff's benefits were terminated by defendants.
3. Plaintiff was diagnosed with low back strain and chronic muscle spasm with possible radiculopathy. During the period from 28 January 1992 until 28 January 1993 plaintiff underwent conservative treatment from Dr. Stewart J. Harley, an orthopaedic surgeon. Dr. Harley initially released plaintiff to return to work on 28 February 1992. On 4 June 1992 plaintiff returned to Dr. Harley in pain and was excused from work again.
4. Plaintiff continued to complain of pain in his low back and left leg, and claimed an inability to perform physical activities since his accident of 28 January 1992. However, on several occasions he had been observed to engage in physical activity as follows:
 a. on 5 August 1992 operating a weed-eater and working in a corn garden for several hours;
 b. on 30 September 1992 using a hand saw and bending at the back;
c. on 1 October 1992 using a shovel;
 d. on 13 April and 14 April 1993 hoeing in his garden, broadcasting material from a five-gallon bucket and playing basketball with children for a few minutes.
5. By 19 September 1992 Dr. Harley wanted to consult with another provider to further evaluate plaintiff. Dr. Harley attempted to obtain authorization from defendant-insurance carrier for further evaluations but was unable to obtain such authorization based upon defendant's observations of plaintiff as described above. As a result of his ongoing treatment of plaintiff Dr. Harley opined that plaintiff was unable to work at that time and that he possibly needed surgery. Dr. Harley treated plaintiff until late 1992.
6. Plaintiff came under the care of Dr. Frank A. Haydon, an orthopaedic surgeon on 11 March 1993 upon referral from Vocational Rehabilitation. On 18 May 1993 Dr. Haydon noted that plaintiff had been treated conservatively since his injury but had been unable to return to work due to pain. He also requested that plaintiff be evaluated by another medical provider in order to identify a specific lesion to be treated to improve plaintiff's condition. Plaintiff has not been released to return to work by Dr. Haydon and has been physically incapable of earning wages in any employment since 4 June 1992.
7. The approval of the Form 24 dated 28 January 1993 was improvidently granted.
* * * * * * * * * * * * * * *
The foregoing stipulations and findings of fact engender the following additional
CONCLUSIONS OF LAW
1. On 28 January 1992 the plaintiff sustained an admittedly compensable injury by accident to his low back arising out of and in the course of the employment with the defendant-employer. N.C. Gen. Stat. § 97-2 (6).
2. The plaintiff is entitled to additional temporary total disability compensation benefits at the rate of $185.60 per week from 28 January 1993 to the date of the hearing and continuing until he returns to work or until further Order from the Commission. N.C. Gen. Stat. § 97-29.
3. The plaintiff is entitled to the payment by defendants of all medical expenses incurred or to be incurred as a result of her compensable injury so long as such evaluations and treatments are reasonably required to effect a cure, provide relief from or would tend to lessen his period of disability including referral to and treatment from other medical providers if warranted. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * *
ORDER
IT IS HEREBY ORDERED that the Industrial Commission's approval of the Form 24 Application of Employer or Insurance Carrier to Stop Payment of Compensation is VACATED.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to counsel fees, defendants shall pay plaintiff in one lump sum, uncommuted, temporary total disability benefits at the rate of $185.60 per week from 28 January 1993 through the date of hearing and continuing until plaintiff returns to work or until further Order of the Industrial Commission.
2. The defendants shall pay all medical expenses incurred or to be incurred in the future resulting from said injury of 28 January 1992 for so long as such treatments and evaluations are reasonably required to provide relief from, effect a cure of, or lessen plaintiff's disability when bills for the same have been properly submitted and approved through procedures adopted by the Commission.
3. A reasonable attorney's fee of twenty-five percent (25%) of the accrued compensation due plaintiff herein is approved for plaintiff's counsel and thereafter, plaintiff's counsel shall receive every fourth future compensation check. Said attorney's fee shall be deducted from the compensation due plaintiff and paid directly to plaintiff's counsel.
4. Defendants shall pay the costs.
 S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
S/ ________________ DIANNE C. SELLERS COMMISSIONER
BSB:be